[No. 5098.   Decided July 15, 1904.]

DANIEL MCKENZIE *et al., Appellants,* v. ROYAL DAIRY *et al., Respondents.*[1]

APPEAL—BRIEFS—ASSIGNMENT OF ERRORS—SUFFICIENCY. A brief will not be struck out because it contains no formal assignment of errors, where it is clear that the only error alleged is the sustaining of a demurrer to the complaint, and all the argument is directed to that point.

MALICIOUS PROSECUTION—CONVICTION OF PLAINTIFF ADMITTED. An action for a malicious prosecution cannot be maintained where the plaintiffs were admittedly convicted of the offense charged against them.

TORTIOUS INJURY—DAMAGES—SALE OF POISONOUS MILK—CONNIVANCE OF STATE DAIRY COMMISSIONER—INJURY BY PROSECUTION AND DAMAGE TO BUSINESS AND REPUTATION. In an action for damages by reason of the sale of poisonous milk to the plain-

[1]Reported in 77 Pac. 680.

tiffs, resulting in their arrest and prosecution for innocently re-
selling the same, thereby injuring their reputation and business,
the complaint states a cause of action against the state dairy
commissioner, as one of the defendants, where it alleges that he
was a stockholder in the defendant corporation making the sale,
and engaged in selling supplies to it, and to further his own
interests connived at the poisoning of the milk, and afterwards
caused the arrest and prosecution of the plaintiffs for using and
reselling the same, since he would be a joint tort feasor.

APPEAL—DECISION—ASSIGNMENT OF ERRORS—DISMISSAL—COSTS.
Where, in appellant's brief, no error is assigned as to one of two
joint tort feasors, as to whom the action was dismissed upon
its separate appearance, and no claim is made that the court er-
red in entering judgment in its favor, the appeal will be dis-
missed as to such defendant, with costs where a separate brief
was filed.

APPEAL—COSTS. Upon dismissing a joint appeal, as to one of
the respondents, and reversing the case as to the other, the ap-
pellant is allowed only one-half of his costs of the appeal.

Appeal from a judgment of the superior court for King
county, Morris, J., entered November 9, 1903, upon sus-
taining a demurrer to the complaint, dismissing an action
for damages for the sale to plaintiffs of poisonous milk,
resulting in their arrest and prosecution. Reversed.

*P. C. Dormitzer,* for appellants, contended, among other
things, that a ministerial officer may exercise discretion
without possessing the immunity of a judicial officer. *Mc-
Cord v. High,* 24 Iowa 336; *Hicks v. Dorn,* 42 N. Y. 47,
affirming, s. c., 54 Barb. 172; *Owen v. Hill,* 67 Mich. 43.
A ministerial officer is liable in a civil action for nonfea-
sance, misfeasance, or malfeasance. *Boyden v. Burke,* 14
How. 575; *Dow v. Humbert,* 91 U. S. 294; *Eslava v.
Jones,* 83 Ala. 139, 3 Am. St. 699; *Harris v. Carson,* 40
Ill. App. 147; *Haverly v. McClelland,* 57 Iowa 182; *Rob-
inson v. Chamberlain,* 34 N. Y. 389, 90 Am. Dec. 713;
*Adsit v. Brady,* 4 Hill 630, 40 Am. Dec. 305.

*Shank & Smith,* for respondent E. A. McDonald. The complaint does not sustain an action for malicious prosecution. *Swepson v. Davis,* 109 Tenn. 99, 59 L. R. A. 501; *Stewart v. Sonneborn,* 98 U. S. 187; *Crescent etc. Co. v. Butchers' etc. Co.,* 120 U. S. 141, 7 Sup. Ct. 472; *Holliday v. Holliday,* 123 Cal. 26, 55 Pac. 703; *Woodworth v. Mills,* 61 Wis. 44, 20 N. W. 728, 50 Am. Rep. 135. The duties called for the exercise of discretion, and vested the commissioner with judicial power. 23 Am. & Eng. Encyc. Law, 376. And he was, therefore, not liable. *Porter v. Haight,* 45 Cal. 631; *Williams v. Weaver,* 100 U. S. 547; *Anderson v. Park,* 57 Ia. 69, 10 N. W. 310.

*D. B. Trefethen,* for respondent Royal Dairy.

HADLEY, J.—Appellants, as copartners under the firm name and style of "Fashion Cafe," brought this suit against respondents to recover damages. It is alleged, that the respondent Royal Dairy is a corporation under the laws of Washington, and that respondent McDonald has been the duly and regularly appointed dairy commissioner of the state of Washington; that, while assuming to discharge the duties of said office, said McDonald has, in connivance and collusion with his co-respondent, aided, abetted and protected said corporation in the sale of milk to appellants, which contained a poisonous ingredient known as formaldehyde, well knowing that the milk so sold contained said poisonous ingredient; that appellants purchased said milk from said Royal Dairy for the purpose of mixing the same as a cooking ingredient, and that they also served the milk in its raw state as an accommodation to their patrons; that all milk, so served by appellants, was served to their patrons in the exact state that it was when purchased from the Royal Dairy, and that respondent McDonald had knowledge thereof. It is averred

that said McDonald was a stockholder in said Royal Dairy, and was also engaged in the business of selling dairy supplies to dairy firms, and particularly to said Royal Dairy, which corporation was the largest consumer and purchaser of said McDonald's merchandise; that he shielded said corporation to further his own interests in the sale of dairy equipment, and that he at all times had full knowledge that said corporation was placing said ingredient in its product for the purpose of selling it, and with the intent to defraud and deceive the consumers, particularly the appellants. It is also alleged that appellants at no time had actual knowledge of the presence of said ingredient in the milk, and that they rested in the assurance of said corporation that the milk sold to them was pure, of standard quality, and free from all poisonous ingredients; that the placing of said ingredient in the milk was a fraud and deception upon appellants, of which fraud said McDonald, as dairy commissioner, at all times had knowledge, and that, with knowledge of all the foregoing facts, he did, while in the pretended exercise of his duties as dairy commissioner, by virtue of a sworn complaint, filed by him, cause the arrest of both appellants on the charge of selling milk containing said poisonous ingredients; that each of said appellants was found by the court to be technically, though not intentionally, guilty, and each was fined $25, the minimum fine required by law; that, in so doing, said McDonald was in connivance and collusion with said corporation, and acted maliciously and without probable cause; that the acts and conduct on the part of respondents advertised and branded appellants' place of business as being a place which supplied its patrons with poisonous, unwholesome, and impure food and milk; that appellants and their said business were thereby brought

into contempt and disrepute. The damages are laid in the aggregate at $10,000. Respondent McDonald separately demurred to the complaint, on the general ground that it does not state facts sufficient to constitute a cause of action against him. The demurrer was sustained. The record before us does not disclose any appearance or pleading on the part of respondent Royal Dairy, except as shown in the final order of the court. In that order, after reciting that the demurrer of McDonald is sustained, the following appears:

"And it further appearing that defendant corporation, Royal Dairy, have herein also interposed a motion for themselves and in their own behalf to strike certain parts of plaintiff's amended complaint herein, and argument having been heretofore had upon defendant E. A. McDonald's demurrer and said demurrer having been sustained:— It is hereby ordered and adjudged that further argument be not had upon defendant Royal Dairy's motion, or that further pleading on the part of defendant Royal Dairy, be had upon said amended complaint. And it further appearing by the statement of P. C. Dormitzer, Esq., as attorney and counsel for plaintiffs herein, that he elects to stand upon his amended complaint filed in this cause, and that he refuses to plead further in this cause—it is hereby further ordered and adjudged that said action be, and the same is, hereby dismissed, at plaintiff's costs, as to both and each of the defendants herein."

The plaintiffs have appealed from the judgment. Respondent McDonald moves, for several reasons, to strike appellants' brief. We think it unnecessary to refer to more than one of the grounds urged, viz., that the brief does not point out the errors relied upon, as provided by the rules of this court. It is true no so-called and formal assignment of error appears in the brief, but, at the conclusion of appellants' statement of the case, is the following: "From the order sustaining defendant E. A. McDonald's demurrer,

plaintiffs appeal." To the above subject, the argument is wholly directed, and it seems to be sufficiently clear that the only error urged is as to the ruling sustaining the demurrer of McDonald. The motion to strike the brief is therefore denied.

We shall now consider the ruling upon the demurrer to the complaint. If the complaint be treated as one for malicious prosecution, the ruling of the court upon the demurrer was manifestly right, for no recovery of damages can be predicated upon the action of McDonald in causing the arrest of appellants on a charge under which they were admittedly convicted. If he knew they were conducting a restaurant and, as the proprietors thereof, were selling milk to their customers which contained the poisonous substance, there was not only probable cause, but it was his duty as dairy commissioner to cause their arrest, under the provisions of chapter 94 of the session laws of 1901. In such case sufficient probable cause existed to excuse McDonald from liability.

The remaining question is whether there are sufficient allegations, as against demurrer, to render McDonald liable on any other theory than that of malicious prosecution. On motion, doubtless, appellants would have been required to elect upon what theory they would proceed; but upon general demurrer, the only question is whether sufficient facts are stated to constitute a cause of action upon any theory. We are inclined to think that the broad allegations of this complaint do state a cause of action against McDonald. While it is not alleged—except by way of mere information and belief, and this we do not regard of any force, since it is not actually alleged—that he directly contributed to bring about the condition of the milk, yet it is repeatedly averred that he, for some time, had knowledge thereof, and

that, for purposes of personal benefit, he declined to interfere in an official way and prevent the dairy company from selling appellants the poisoned milk. We think such a state of facts would make him a joint tort feasor with the dairy company. His counsel argue that in his official capacity he acts quasi judicially, and is not therefore liable in damages. The acts, as charged in this complaint, cannot well be classified as being of a judicial nature, since they cannot be other than basely wrong and tortious toward appellants. We think such a cause of action appears that respondent McDonald cannot be relieved upon mere demurrer, and that the persons making such serious charges as to the conduct of a public official should be required to prove them, or go out of court by failure to establish them.

The respondent Royal Dairy moves to dismiss the appeal as to it, for the reason that appellants have not assigned as error the action of the lower court in entering a judgment in favor of it and against appellants; also, for the further reason that they, in their opening brief, have made no argument to the effect that the lower court was in error in rendering a judgment in favor of the Royal Dairy and against appellants. It is also true that, in appellants' reply brief, no claim whatever is made that the court erred in its judgment in favor of the dairy company. The only error in any way pointed out, or argued in the briefs, is that of the ruling upon the separate demurrer of McDonald hereinbefore discussed. The motion of the dairy company must therefore be granted. We must assume from the briefs that appellants do not wish to disturb the judgment as to said company. There being no other questions before us for decision at this time, the appeal as to respondent Royal Dairy is dismissed, and the judgment as to it is affirmed, and it shall also recover its costs on appeal, it having filed a sepa-

rate brief. As to respondent McDonald, the judgment is reversed, and the cause remanded, with instructions to overrule the demurrer to the complaint interposed by said respondent, and, inasmuch as the appeal is joint as to both respondents, and whereas, appellants have prevailed as to one only, they shall recover of respondent McDonald but one-half of their costs on appeal.

FULLERTON, C. J., and MOUNT, ANDERS, and DUNBAR, JJ., concur.