[No. 12172-3-I. Division One. December 24, 1984.]

CHRISTIE–LAMBERT VAN & STORAGE COMPANY, INC., *Appellant*, v. MALCOLM S. MCLEOD, *Respondent.*

*Short & Cressman* and *Mabry Chambliss DeBuys,* for appellant.

*Donald A. McLeod,* for respondent.

SWANSON, J.—Christie–Lambert Van and Storage Company, Inc. (Christie–Lambert), appeals a superior court judgment denying an attorney fee award pursuant to MAR

7.3 and RCW 7.06.060 in a trial de novo on appeal from a mandatory arbitration award under RCW 7.06. We reverse and remand for entry of a judgment awarding Christie–Lambert attorney fees of $3,000 plus costs.

Christie–Lambert furnished packing, moving, and storage services for the defendant, Harriette McLean Nolan, upon the unauthorized, though good faith, assurances of her attorney, defendant Malcolm S. McLeod, that these services were to be performed. Further, at Nolan's request and at $928.18 cost to her, Christie–Lambert subsequently delivered her stored household goods to specified locations.

Christie–Lambert's action to recover $4,019.14 plus interest for services performed was set for mandatory arbitration pursuant to MAR 1.2. The arbitration award was for Christie–Lambert (1) against the defendant Nolan for $961.72 plus $120.15 interest, (2) against the defendant McLeod for $3,045.42 plus $453.05 interest, and (3) against the defendants Nolan and McLeod jointly for costs and attorney fees. The arbitrator stated that he had no jurisdiction to give the defendant McLeod an award against the defendant Nolan on his cross claim because the defendant Nolan had not been served with the cross claim.

The defendant McLeod appealed the arbitration award to the superior court in a trial de novo pursuant to MAR 7.1. The trial court awarded Christie–Lambert judgment (1) against the defendant McLeod for $3,090.96 plus $521.30 interest and (2) against the defendant Nolan for $928.18 plus $164.88 interest.

Further, the court awarded the defendant McLeod a $2,090.96 judgment against the defendant Nolan on his cross claim and awarded the defendant Nolan a $1,000 judgment against the defendant McLeod. The trial court had found that since the family home had been sold, the defendant Nolan would have had to incur the moving costs at some time. However, the court further found that the defendant Nolan might have done some of the packing herself, thus reducing the charges by $1,000.

The trial court denied Christie–Lambert's request for

attorney fees pursuant to MAR 7.3 on the grounds that the defendant McLeod had improved his overall position in the trial de novo on appeal from the arbitration award.

The issues are (1) whether MAR 7.3 authorizes assessing attorney fees against the appellant from a mandatory arbitration award who does not improve his position as to an arbitrated claim although his overall position is improved on appeal in a trial de novo solely because of a cross claim that was served only after the arbitration, and (2) whether an attorney fee award to Christie–Lambert would unconstitutionally restrict the respondent's jury trial right.

### ATTORNEY FEE AWARD

In Washington, attorney fees may be recovered only when authorized by the private agreement of the parties, a statute, or a recognized ground of equity. *Mellor v. Chamberlin,* 100 Wn.2d 643, 649, 673 P.2d 610 (1983). In this case the asserted statutory basis for Christie–Lambert's recovery of attorney fees is RCW 7.06.060. Thus if Christie–Lambert is to recover attorney fees, such recovery must be authorized by this statute.

RCW 7.06 (the act) provides for a county's authorization of mandatory arbitration of civil actions brought in the superior court where the sole relief sought is a money judgment and no claim exceeds $10,000 or, upon a county's superior court approval, $15,000, exclusive of interest and costs, RCW 7.06.020. RCW 7.06.060 states:

> The supreme court may by rule provide for costs and reasonable attorney's fees that may be assessed against a party appealing from the [mandatory arbitration] award who fails to improve his position on the trial de novo.

MAR 7.3 specifies the conditions for awarding attorney fees in an appeal from a mandatory arbitration award:

> The court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo. The court may assess costs and reasonable attorney fees against a party who voluntarily withdraws a request for a trial de novo.

■ The primary objective of statutory construction is to carry out the intent of the Legislature. *Bellevue Fire Fighters Local 1604 v. Bellevue,* 100 Wn.2d 748, 751, 675 P.2d 592 (1984). The intent must be determined primarily from the statutory language itself. *Department of Transp. v. State Employees' Ins. Bd.,* 97 Wn.2d 454, 458, 645 P.2d 1076 (1982). Where, however, the intent is not clear from the language of the statute, the legislative history may be considered. *Bellevue.*

The purpose of RCW 7.06 authorizing mandatory arbitration in certain civil cases is primarily to alleviate the court congestion and reduce the delay in hearing civil cases. Senate Journal, 46th Legislature (1979), at 1016–17. The purpose of MAR 7.3's second provision regarding assessing costs and attorney fees upon the withdrawal of a trial de novo request is to deter such requests made solely to delay enforcement of the award. Judicial Council Comment, MAR 7.3.

■ In the absence of an explicit statement in the statute or the legislative history as to the purpose of RCW 7.06-.060, upon which MAR 7.3's first provision is based, other statutes dealing with the same subject may be considered in the statutory construction. *See Department of Transp.,* at 458.

Under RCW 7.06.060 and MAR 7.3's first provision, attorney fees may be assessed only against an appellant from a mandatory arbitration award who does not improve his position in the trial de novo. RCW 4.84.290, which authorizes the award of reasonable appellate attorney fees to the prevailing party on appeal in civil actions for damages of $5,000 or less, exclusive of costs, is designed "to encourage out–of–court settlement of small claims, and to penalize parties who unjustifiably pursue or resist the claims." *Harold Meyer Drug v. Hurd,* 23 Wn. App. 683, 687, 598 P.2d 404 (1979).

To discourage meritless appeals, a federal local rule providing for compulsory, nonbinding arbitration in certain civil actions imposed upon the party who sought a trial de

novo and failed to obtain a more favorable judgment the amount of the arbitration fees and, in addition, imposed upon a defendant who unsuccessfully appealed the arbitration award interest on the award. *Kimbrough v. Holiday Inn,* 478 F. Supp. 566, 575 (E.D. Pa. 1979). Here the attorney fee award under RCW 7.06.060 and MAR 7.3 when the appellant from a mandatory arbitration award does not improve his position in the trial de novo similarly serves the purpose of discouraging meritless appeals.

Moreover, the restriction of an award of attorney fees under RCW 7.06.060 and MAR 7.3 only to the successful appellee, not the successful appellant, reflects a policy decision favoring arbitration in certain cases in order for mandatory arbitration effectively to relieve court congestion. *See Smith Case,* 381 Pa. 223, 112 A.2d 625, 629, *appeal dismissed sub nom. Smith v. Wissler,* 350 U.S. 858 (1955); *cf. Davy v. Moss,* 19 Wn. App. 32, 34, 573 P.2d 826 (1978) (RCW 4.84's settlement scheme is designed to promote nonjudicial determination of court actions and discourage resistance to small just claims for damages). The Pennsylvania Supreme Court stated that the statutory requirement that the *appellant* from a mandatory arbitration award pay the arbitrators' fees was

> obviously designed to serve as a brake or deterrent on the taking of frivolous and wholly unjustified appeals; if there were not such a provision the defeated party would be likely to appeal in nearly all instances and the arbitration proceedings would tend to become a mere nullity and waste of time.

*Smith,* at 233.

 The interpretation of RCW 7.06.060 and MAR 7.3 that will give effect to the provision's purpose to deter meritless appeal and the act's purpose to favor arbitration in certain cases as a means of reducing court congestion is that costs and attorney fees shall be assessed against an appellant from a mandatory arbitration award who does not improve his position in the trial de novo as to a *party whose claim was arbitrated.* Interpreting RCW 7.06.060

and MAR 7.3 as not authorizing an attorney fee award where an appellant improves his overall position in the trial de novo solely because of a new claim brought for the first time at trial, as McLeod argues, would be counter to the statutory purpose of deterring meritless appeals from mandatory arbitration awards. In fact, such an interpretation would reward bringing a new claim in a trial de novo after the arbitration.

Moreover, it is inherently unfair to deny an attorney fee award to a party that has borne the cost of mandatory arbitration and a trial de novo without a change in results where the denial is based upon the appellant's improving his overall position in the trial de novo solely because of a new claim brought for the first time on appeal. This is particularly so where, as in this case, the appellant might have brought a separate action on the new claim. The respondent argues, however, that because he is entitled to a trial de novo as to all issues and all parties, Christie–Lambert should bear the cost of litigation although it obtained the same results in arbitration and at trial.

Nevertheless, alternatives exist to a trial de novo as to all issues and all parties that avoid the duplication of legal efforts where no change in results is likely, with the attendant unfairness to the appellee. Christie–Lambert indicated that it would have been willing to stipulate to a trial de novo limited to the legal issues raised by the respondent's cross claim against the defendant Nolan. Reply Brief of Appellant, at 5; *see Trump v. Superior Court,* 118 Cal. App. 3d 411, 173 Cal. Rptr. 403, 406 n.6 (1981) (propriety of postarbitration limited trial derived from parties' stipulation not decided). If, on the other hand, a party exercises his right to a trial de novo as to all issues and all parties when alternatives exist, as McLeod did in this case, in the interests of ensuring fairness and of giving effect to the provision's and act's purposes, the appellant should be assessed the attorney fees and costs of a party whose claim was arbitrated and against whom the appellant does not improve his position in the trial de novo.

■ A denial of attorney fees to Christie–Lambert in this case would run counter to the general rule that attorney fees and costs in multi–party cases as well as in certain consolidated cases are awarded to different parties on the basis of the separate judgments obtained, not the overall trial result. *See Hanson v. Blackwell Motor Co.,* 143 Wash. 547, 556–57, 255 P. 939, 52 A.L.R. 851 (1927); *Wittler–Corbin Mach. Co. v. Martin,* 47 Wash. 123, 130, 91 P. 629 (1907); *McKenzie v. Royal Dairy,* 35 Wash. 390, 396–97, 77 P. 680 (1904).

■ A party such as McLeod may literally "improve his position on the trial de novo" where he prevails on a claim that was brought for the first time on appeal at a trial de novo as to all issues and all parties. However, a statutory provision should be interpreted to avoid strained or absurd consequences that could result from a literal reading. *State v. The (1972) Dan J. Evans Campaign Comm.,* 86 Wn.2d 503, 508, 546 P.2d 75 (1976). Further, "the spirit or the purpose of legislation should prevail over the express but inept language . . .". *Alderwood Water Dist. v. Pope & Talbot, Inc.,* 62 Wn.2d 319, 321, 382 P.2d 639 (1963).

Here denying an attorney fee award to Christie–Lambert would have the absurd consequence of defeating the statutory purposes to deter meritless appeals and to favor arbitration. Another absurd consequence is that a party would be unfairly subjected to the expense of mandatory arbitration and a trial de novo without a change in results. Further, such a denial would produce the strained consequence of awarding attorney fees based upon an overall trial result that is inconsistent with the general rule awarding attorney fees in multiparty cases to different parties on the basis of the separate judgments obtained, not the overall trial result. *See Wittler–Corbin.*

The difference here between Christie–Lambert's arbitration award and trial de novo judgment against McLeod was de minimis. Thus Christie–Lambert should be awarded reasonable attorney fees and costs since McLeod did not

improve his position on appeal in a trial de novo as to this party's arbitrated claim.

## JURY TRIAL RIGHT

■ A procedure for a nonjudicial determination prior to a jury trial does not violate the United States Constitution's seventh amendment right to a jury trial as long as a right of appeal to a court for a jury trial is preserved.[1] *See Capital Traction Co. v. Hof,* 174 U.S. 1, 43 L. Ed. 873, 19 S. Ct. 580, 597 (1899); *Kimbrough v. Holiday Inn, supra* at 569. In the leading case upholding the constitutionality of a compulsory arbitration system, the Pennsylvania Supreme Court stated that

> [a]ll that is required is that the right of appeal for the purpose of presenting the issue to a jury must not be burdened by the imposition of onerous conditions, restrictions or regulations which would make the right practically unavailable.

*Smith,* at 231.

The Pennsylvania court elaborated on those requirements that do not unconstitutionally restrict the jury trial right:

> As to what amounts to such a forbidden restriction it has been held that the constitutional provision is not violated by a requirement of the payment of costs before the entry of an appeal in order to obtain a jury trial, nor by a requirement of giving bail for the payment of costs accrued and to accrue or for the performance of some other duty, nor by a requirement of furnishing security for the prosecution of the appeal and satisfaction of the final judgment, nor by a requirement of the payment of a jury fee in advance of trial.

(Citations omitted.) *Smith,* at 231. Moreover, the *Smith* court upheld as a precondition to an appeal from a compulsory arbitration award the payment of the arbitrators' fees although they were not recoverable from the adverse

---

[1] RCW 7.06.050 provides for a right of appeal from the mandatory arbitration award in a superior court trial de novo, including a right to a jury, if demanded. RCW 7.06.070 states: "No provision of this chapter may be construed to abridge the right to trial by jury."

party even where the appellant succeeded in his appeal. *Smith,* 112 A.2d at 630–31.

The Pennsylvania Supreme Court has further upheld a compulsory arbitration statute which, as a means to discourage frivolous appeals, imposed on the losing party all costs of both the arbitration and trial, including expert witnesses' expenses, where the appeal was found to be capricious, frivolous, and unreasonable. *Parker v. Children's Hosp.,* 483 Pa. 106, 394 A.2d 932, 939 (1978). Here the assessment of attorney fees under MAR 7.3 against an appellant who does not improve his position in the trial de novo does not unconstitutionally restrict his jury trial right.

However, although the required payment of costs or fees as a condition to obtaining a jury trial may not be unconstitutional, the problem is one of degree rather than of kind. The Pennsylvania Supreme Court noted that

> the necessity of paying [\$75 in arbitrators' fees] as a condition for the right to appeal [from a mandatory arbitration award] would seemingly operate as a strong deterrent, amounting practically to a denial of that right, if the case should involve only, as in the present instance, as little as \$250.

*Smith,* at 232. The court thus required that the court rules provide for a lower rate of arbitrators' compensation where only a comparatively small claim is involved. *Smith.* The New Hampshire Supreme Court in an advisory opinion similarly stated that a required payment of arbitrators' fees of \$750 or \$1,125 to obtain a jury trial on appeal from a mandatory arbitration award of a case involving \$3,000 or less would unconstitutionally infringe upon the jury trial right. *Opinion of the Justices,* 113 N.H. 205, 304 A.2d 881, 887 (1973).

Thus the costs or fees imposed upon an appellant from a mandatory arbitration award as a precondition to obtaining a jury trial must not be so large in proportion to the amount in controversy as to constitute an unconstitutional restriction upon the right to a jury trial. This is so regardless of whether the fees that must be paid are recoverable

by a successful appellant. *See Smith; Justices.*

The Pennsylvania and New Hampshire courts confronted this issue in the context of the required payment of arbitrators' fees as a precondition to a jury trial on appeal from a mandatory arbitration award. We believe that a different question is presented here under MAR 7.3 where the assessment of attorney fees against an unsuccessful appellant is involved. First, under MAR 7.3, reasonable attorney fees are not assessed in every instance where a trial de novo is sought and as a precondition to a trial de novo on appeal from a mandatory arbitration award. In fact, the appellant shall not be assessed attorney fees at all if he improves his position in the trial de novo in relation to an arbitrated claim.

Furthermore, the purpose of an attorney fee award under MAR 7.3 as noted above, is to deter meritless appeals. The appellant can avoid the assessment of attorney fees by not bringing a meritless appeal. In contrast, the Pennsylvania and New Hampshire provisions automatically imposed upon the appellant the cost of the arbitrators' fees regardless of the merit of his appeal. Frivolous suits and appeals consume judicial resources and constitute an abuse of the legal process. In *Harold Meyer Drug v. Hurd, supra* at 685, 687–88, the appellate court increased the attorney fee award to the prevailing party under former RCW 4.84.250[2] and 4.84.290[3] from $10 to $900 as reasonable attorney fees

---

[2]Former RCW 4.84.250 states:

"Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.20-.060, in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is one thousand dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees."

[3]RCW 4.84.290 provides:

"Attorneys' fees as costs in damage actions of five thousand dollars or less— Prevailing party on appeal. If the case is appealed, the prevailing party on appeal shall be considered the prevailing party for the purpose of applying the provisions of RCW 4.84.250: *Provided,* That if, on appeal, a retrial is ordered, the court ordering the retrial shall designate the prevailing party, if any, for the purpose of applying the provisions of RCW 4.84.250.

in what was deemed to be a frivolous suit brought on a $1.29 claim.

Here where the appellant from the mandatory arbitration award did not improve his position as to an arbitrated claim, an award of reasonable attorney fees under RCW 7.06.060 and MAR 7.3 is proper and does not violate his jury trial right. The attorney fee award to Christie–Lambert includes attorney fees for the appeal from the trial court's judgment since Christie–Lambert complied with RAP 18.1. *See Simonson v. Fendell,* 101 Wn.2d 88, 93, 675 P.2d 1218 (1984).

The judgment is reversed and the case remanded for entry of a judgment awarding Christie–Lambert attorney fees of $3,000 plus costs.

RINGOLD and COLEMAN, JJ., concur.

"In addition, if the prevailing party on appeal would be entitled to attorneys' fees under the provisions of RCW 4.84.250, the court deciding the appeal shall allow to the prevailing party such additional amount as the court shall adjudge reasonable as attorneys' fees for the appeal."