[No. 25525–8–I.   Division One.   May 6, 1991.]

ANGELINA COLARUSSO, *as Guardian ad Litem,*
*Respondent,* v. GLEN E. PETERSEN,
ET AL, *Appellants.*

*John A. Hackett, Gary A. Boe,* and *Hackett, Beecher &*
*Hart,* for appellants.

*M. Scott Ericson* and *Hardwick & Ericson,* for respondent.

GROSSE, C.J.—Glen E. Petersen and Betty Petersen appeal from a judgment awarding attorney fees to Colarusso pursuant to the provisions of the Mandatory Arbitration Rules, MAR 7.3.

The thrust of the Petersens' argument on appeal is that under the specific facts and circumstances of this case the assessment of attorney fees is an unconstitutional infringement of their rights to a jury trial and due process. We believe the issue presented was answered in *Christie–Lambert Van & Storage Co. v. McLeod,* 39 Wn. App. 298, 693 P.2d 161 (1984), *cited with approval in Sofie v. Fibreboard Corp.,* 112 Wn.2d 636, 771 P.2d 711, 780 P.2d 260 (1989), and affirm.

The Petersens' position is that *Christie–Lambert* and *Sofie v. Fibreboard Corp., supra,* are limited by their facts to determining only that MAR 7.3 is constitutional in the context of a "frivolous" request or "meritless" request for trial de novo following a mandatory arbitration under the rules. The thrust of their argument is that this case involves a bona fide dispute over damages and therefore the request for a trial de novo cannot be considered either "frivolous" or "meritless". Further, the Petersens argue they were entitled to a jury trial by right on that issue. They contend the assessment of attorney fees, simply because they were unsuccessful in convincing a jury that the damages were less than the amount awarded in the arbitration procedure, renders the award of such fees a penalty for exercising their right to demand a jury trial.

The *Christie–Lambert* court determined that within the framework of the mandatory arbitration scheme, the assessment of attorney fees against an appellant who did

not improve his or her position in a trial de novo following an arbitration award does not unconstitutionally restrict the jury trial right. *Christie–Lambert*, 39 Wn. App. at 309. As stated in *Sofie v. Fibreboard Corp.*, 112 Wn.2d at 652–53:

> As made clear by the Court of Appeals in *Christie–Lambert Van & Storage Co. v. McLeod, supra,* the availability of a jury trial de novo to redetermine the arbitrator's conclusions preserved the right protected by article 1, section 21. The court stated:
>> [a]ll that is required is that the right of appeal for the purpose of presenting the issue to a jury must not be burdened by the imposition of onerous conditions, restrictions or regulations which would make the right practically unavailable.
>
> 39 Wn. App. at 306, quoting *Smith Case*, 381 Pa. 223, 231, 112 A.2d 625 (1955). The court found that the procedures created in the Washington statute, notably placing on the losing party costs and fees in a frivolous appeal, were not an unreasonable burden on the parties and left the ultimate right to a jury intact.

The Petersens attempt to distinguish *Christie–Lambert* by arguing that it and *Sofie* only considered frivolous appeals and not appeals which may have merit, even if the appellant fails to improve his position. The Petersens contend *Christie–Lambert* never addresses the question of the unconstitutionality of MAR 7.3 when applied to good faith, reasonable appeals from an arbitration. They claim this appeal is such an appeal. However, a look at the facts of the case, even as set out in the Petersens' brief, when compared to the facts of *Christie–Lambert,* does not help their case. In *Christie–Lambert* the appellant actually improved his overall position at trial by bringing and prevailing on an additional claim at trial. However, McLeod (the appellant) did not improve his position with respect to the previously arbitrated claim. Therefore, the court reversed the trial court's denial of attorney fees[1] and awarded attorney fees to *Christie–Lambert.*

---

[1]The trial court denied the attorney fees and costs under MAR 7.3 because McLeod had improved his overall position at trial.

Here, the Petersens went from an arbitration award against them in the amount of $29,500 to an adverse judgment at trial in the amount of $73,250, plus statutory costs of $470.34. These facts are even more egregious than *Christie–Lambert* and an argument that the Petersens' claim is somehow more "merited" is somewhat disingenuous. Furthermore, as pointed out in the Petersens' brief, the trial court in its oral opinion specifically found this appeal to be frivolous using a theory that the Petersens did not improve their position, in fact it worsened considerably, and therefore that as a matter of law the appeal was and is frivolous.

█ While we recognize that both *Christie–Lambert* and *Sofie* use the term "frivolous" in the course of approving the attorney fees provision of the Mandatory Arbitration Rules, we believe it to be no more than an unfortunate choice of words. It is apparent from the facts of *Christie–Lambert* that what was meant is more aptly described by the term "meritless" than the term "frivolous", given that the term frivolous has a different and more restrictive definition in other contexts.[2] What is meant by appeals lacking merit, as defined by the failure to improve one's position at trial, can be seen in the analysis of *Ford Motor Co. v. Barrett,* 115 Wn.2d 556, 800 P.2d 367 (1990). There, although interpreting a different statute, the court upheld the constitutionality of provisions of the motor vehicles warranties law (lemon law) that subjects manufacturers to attorney

---

[2]"In determining whether an appeal is frivolous and was, therefore, brought for the purpose of delay, justifying the imposition of terms and compensatory damages, we are guided by the following considerations: (1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) *an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal. See* Jordan, *Imposition of Terms and Compensatory Damages in Frivolous Appeals,* Wash. St. B. News, May 1980, at 46." (Italics ours.) *Streater v. White,* 26 Wn. App. 430, 434–35, 613 P.2d 187, *review denied,* 94 Wn.2d 1014 (1980).

fees, costs, and continuing damages in the event the consumer complainant prevails in a de novo appeal. The court found the legislation rationally related to the purpose of the law: to deter manufacturers from meritlessly appealing arbitration decisions which would in turn possibly vitiate the greater purpose of the statute of preventing hardship to the consumer and promoting utilization of the arbitration procedures. We find the analysis to be persuasive as well in arbitration cases such as this. Indeed, it parallels the analysis of *Christie–Lambert.* Therefore, we hold that *Christie–Lambert* controls and decline any invitation to revisit the issue.

Respondent Colarusso filed a cross appeal alleging the trial court erred in disallowing expert witness fees incurred in the trial de novo as costs allowable to the prevailing party under MAR 7.3. In short, Colarusso contends that the term "costs" as used in the statute and rules pertaining to mandatory arbitration should be given a different meaning than "costs" as defined by statute.

█ Costs are defined by RCW 4.84.010 to include specific fees expended by the prevailing party. Items that are allowable as costs are specified in RCW 4.84.010 and .090 and include: (1) filing fees; (2) costs of service of process; (3) notary fees; (4) costs of reports and records as evidence; (5) statutory attorney fees; (6) statutory witness fees; (7) costs of transcription of depositions used at trial or arbitration; and (8) "costs otherwise authorized by law" (especially federal law if decision based on federal law, *see Blair v. WSU,* 108 Wn.2d 558, 573, 740 P.2d 1379 (1987)). *See* 15 L. Orland & K. Tegland, Wash. Prac. § 452 (4th ed. 1986).

We hold that costs under the Mandatory Arbitration Rules are limited to those items set forth in RCW 4.84.010. Our rationale is precisely the same as that of the Supreme Court in *Nordstrom, Inc. v. Tampourlos,* 107 Wn.2d 735, 743, 733 P.2d 208 (1987):

> Nordstrom has attempted to collect a substantial amount for costs, including photocopying and telephone expenses. We believe this is not recoverable· as "costs" and can only be

recovered to the extent that it would be included in a reasonable attorney fee. Costs have historically been very narrowly defined, and RCW 4.84.010, which statutorily defines costs, limits that recovery to a narrow range of expenses such as filing fees, witness fees, and service of process expenses. We believe it gives the plaintiff in a Consumer Protection Act action an unwarranted recovery to extend costs beyond those statutorily defined in RCW 4.84.010.

To award other than statutory costs would give a party recovering costs under the Mandatory Arbitration Rules an unwarranted recovery.

Colarusso has requested reasonable attorney fees on appeal. Pursuant to RCW 7.06.060, MAR 7.3, and RAP 18.1, reasonable attorney fees are granted to Colarusso. The decision of the trial court is affirmed.

SCHOLFIELD and WEBSTER JJ., concur.

Reconsideration denied June 28, 1991.