# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JAMES BEARDEN, | No. 72926-8-I |
| Respondent, | DIVISION ONE |
| v. | |
| DOLPHUS MCGILL, | PUBLISHED OPINION |
| Appellant, | |
| NELLIE KNOX MCGILL, | FILED: April 11, 2016 |
| Defendant. | |

LEACH, J. — MAR 7.3 and RCW 7.06.060(1)[1] require that the superior court assess costs and reasonable attorney fees against a party who asks for a trial de novo and does not improve his or her position at trial. Here, the parties disagree about how to determine if Dolphus McGill improved his position at a trial de novo.

James Bearden sued McGill for damages caused by an auto accident. An arbitrator awarded Bearden $44,000.00 in compensatory damages and $1,187.00 in statutory costs, for a total arbitration award of $45,187.00. McGill requested a trial de novo. The jury awarded Bearden less in compensatory

---

[1] Because the rule and statute are substantively identical, we refer to them together as MAR 7.3.

damages, $42,500.00. But the trial court awarded more in costs, $3,296.39, for a total judgment against McGill of $45,796.39. Bearden then asked for an award of reasonable attorney fees. By comparing the total arbitration award with the total trial judgment, including all statutory costs, the trial court decided that McGill failed to improve his position at trial; the total judgment exceeded the total arbitration award. It awarded Bearden $71,800.00 in attorney fees. McGill appeals.

We hold that a court determines if a party improved its position at a trial de novo by comparing every element of monetary relief the arbitrator considered with the trial court's award for those same elements. Here, this means the damages and statutory costs that both the arbitrator and trial court considered. It excludes those statutory costs requested only from the trial court. This comparison shows that McGill improved his position at a trial de novo. Thus, the trial court erred in awarding Bearden MAR 7.3 attorney fees. We reverse that award. Because McGill does not show that the trial court abused its discretion in awarding Bearden certain challenged costs, we affirm the award of those costs.

## FACTS

Dolphus McGill injured James Bearden in a January 2011 automobile accident. After Bearden sued, the parties took part in mandatory arbitration. The

arbitrator awarded Bearden $44,000 in compensatory damages and $1,187 in fees and costs, for an arbitration award of $45,187.

McGill requested a trial de novo. The jury awarded Bearden $42,500.00 in damages. The trial court then awarded Bearden $3,296.39 in costs. These included costs incurred after the arbitration. The total judgment against McGill was thus $45,796.39.[2]

Bearden then asked for attorney fees under MAR 7.3, arguing that McGill failed to improve his position by appealing the arbitration award. Bearden pointed out that the $45,796.39 trial court judgment against McGill exceeded the $45,187.00 arbitration award. McGill responded that costs should not factor into the analysis: he improved his position from a $44,000.00 damages award after arbitration to a $42,500.00 damages award after trial. McGill also argued that Bearden's claimed fees were excessive.

The trial court compared the total amounts after arbitration and trial, including costs, to see if McGill improved his position by going to trial. The court ruled McGill did not improve his position, so MAR 7.3 entitled Bearden to $71,800 in attorney fees. McGill appeals.

---

[2] The trial court judge filled in the judgment form erroneously, writing that Bearden was awarded a total judgment of $42,500.00 rather than the correct sum, $45,796.39. McGill points this error out but does not contend that it makes $42,500.00 the true judgment.

STANDARD OF REVIEW

This court reviews de novo whether a statute authorizes an award of attorney fees.[3] The application of a court rule is also a question of law we review de novo.[4] This court upholds attorney fee and cost awards unless it finds the trial court manifestly abused its discretion.[5]

ANALYSIS

MAR 7.3 Attorney Fees

Washington generally follows the "American rule," where each party in a civil action pays its own attorney fees and costs.[6] But a party may recover attorney fees when authorized by statute, a recognized ground of equity, or party agreement.[7] Bearden asserts a right to recover fees under MAR 7.3 and RCW 7.06.060(1). McGill disagrees, claiming that Bearden does not meet the requirements of the rule and statute. He contends that the trial court should not have compared the total arbitration award with the total trial court judgment to decide if McGill improved his position for purposes of applying MAR 7.3. He

---

[3] Niccum v. Enquist, 175 Wn.2d 441, 446, 286 P.3d 966 (2012).
[4] Niccum, 175 Wn.2d at 446.
[5] In re Disciplinary Proceeding Against VanDerbeek, 153 Wn.2d 64, 99, 101 P.3d 88 (2004).
[6] Cosmo. Eng'g Grp., Inc. v. Ondeo Degremont, Inc., 159 Wn.2d 292, 296, 149 P.3d 666 (2006).
[7] Niccum, 175 Wn.2d at 446.

argues that he improved his position using the proper comparison, the arbitrator's damages award to the jury's damages award.

To resolve this case, we follow several principles of statutory construction. A court accepts, without interpretation, the plain meaning of a clearly worded statute.[8] A court will deem a statute ambiguous if it has more than one reasonable interpretation.[9] A court will interpret an ambiguous statute in the way that best fulfills the legislature's intent.[10]

MAR 7.3 imposes on a party who appeals an arbitration award an obligation to pay costs and reasonable attorney fees incurred after the filing of a request for a trial de novo when that party "fails to improve the party's position on the trial de novo."[11] Like all mandatory arbitration rules, we interpret this rule as if the legislature drafted it.[12] The legislature intended this provision to encourage settlement and discourage meritless appeals.[13]

This court has consistently held that to decide if a party improved its position, the trial court may compare only the claims the party actually arbitrated with those it tried in superior court. We first applied this rule in Christie-Lambert

---

[8] Biggs v. Vail, 119 Wn.2d 129, 134, 830 P.2d 350 (1992).
[9] In re Marriage of Kovacs, 121 Wn.2d 795, 804, 854 P.2d 629 (1993).
[10] Kovacs, 121 Wn.2d at 804.
[11] MAR 7.3; RCW 7.06.060(1).
[12] Wiley v. Rehak, 143 Wn.2d 339, 343, 20 P.3d 404 (2001).
[13] Niccum, 175 Wn.2d at 451.

Van & Storage Co. v. McLeod.[14] There, Christie-Lambert arbitrated its claims against McLeod and Nolan. McLeod did not arbitrate his crossclaim against Nolan because he had not served her. The arbitrator made an award in favor of Christie-Lambert. McLeod requested a trial de novo. He did not improve his position on the issues arbitrated with Christie-Lambert but, having served Nolan, received a judgment against her. The trial court denied Christie-Lambert's fee request because McLeod had improved his overall position due to his recovery from Nolan.[15] We reversed and awarded Christie-Lambert fees because McLeod had not improved his position on the arbitrated claim.[16] To reach this result, we compared the disposition of claims actually litigated between the parties both at arbitration and trial.

In Sultani v. Leuthy,[17] Sultani sued four defendants for injuries he suffered in two separate car accidents. An arbitrator awarded damages against the four defendants jointly and severally. At a trial de novo, requested by a defendant, a jury awarded Sultani a higher amount of damages but apportioned the total award among the defendants based on a percentage of fault. This meant that Sultani recovered a lesser damages award from each individual defendant at trial than he recovered in arbitration. Because Sultani had improved his overall

---

[14] 39 Wn. App. 298, 303, 693 P.2d 161 (1984).
[15] Christie-Lambert, 39 Wn. App. at 300-01.
[16] Christie-Lambert, 39 Wn. App. at 305-06.
[17] 86 Wn. App. 753, 755, 943 P.2d 1122 (1997).

award, the trial court awarded him MAR 7.3 fees.[18] We reversed, holding that the court should have compared the result at arbitration and trial for the claim litigated between Sultani and each individual defendant. Because Sultani recovered a lesser amount at trial from each individual defendant, each had improved its position.[19]

In Yoon v. Keeling,[20] Division Two followed Christie-Lambert and Sultani. Yoon sued Fernau and Keeling for injuries he suffered in a car accident. An arbitrator awarded Yoon $10,769.00 and apportioned fault 25 percent to Fernau and 75 percent to Keeling. Fernau requested a trial de novo. Before trial, Yoon settled with Fernau and Keeling for $8,000.00, leaving only the issue of apportionment of liability for trial. A jury allocated this liability 32 percent to Fernau and 68 percent to Keeling. This resulted in Fernau owing Yoon $132.25 less than she owed under the arbitration award.[21]

The trial court awarded Keeling MAR 7.3 fees against Fernau. Fernau appealed, claiming she improved her position because she had reduced the amount she owed Yoon.[22] Division Two affirmed the trial court, holding that because Fernau had not improved her position on the only issue litigated at both

---

[18] Sultani, 86 Wn. App. at 755-56.
[19] Sultani, 86 Wn. App. at 761.
[20] 91 Wn. App. 302, 305-06, 956 P.2d 1116 (1998).
[21] Yoon, 91 Wn. App. at 304.
[22] Yoon, 91 Wn. App. at 304.

arbitration and trial between Fernau and Keeling, apportionment of fault, MAR 7.3 entitled Keeling to fees.[23]

In Mei Tran v. Yue Han Yu,[24] this court considered facts analogous to those in this case. In mandatory arbitration with Yu, Tran recovered $14,675.00 in damages. Yu requested a trial de novo. At trial, Tran recovered $13,375.00. Posttrial, Tran requested and received statutory costs of $955.80 and $3,205.00 in attorney fees under CR 37(c) for proving in superior court matters that Yu denied in requests for admission. This resulted in a total judgment of $17,535.80. Because this total exceeded the arbitration award, Tran asked for MAR 7.3 attorney fees.[25] The trial court denied the request, and Tran appealed.[26] We affirmed, holding that only the disposition of claims litigated at both the arbitration and trial should be compared to decide if Yu improved her position.[27]

Most recently, in Miller v. Paul M. Wolff Co.,[28] Division Three approved a similar approach.[29] Miller sued Wolff for unpaid commissions. An arbitrator

---

[23] Yoon, 91 Wn. App. at 306.
[24] 118 Wn. App. 607, 75 P.3d 970 (2003).
[25] Mei Tran, 118 Wn. App. at 609-10.
[26] Mei Tran, 118 Wn. App. at 611.
[27] Mei Tran, 118 Wn. App. at 616-17.
[28] 178 Wn. App. 957, 316 P.3d 1113 (2014).
[29] We view this recent decision, rather than the older Wilkerson v. United Investment, Inc., 62 Wn. App. 712, 815 P.2d 293 (1991), as representing Division Three's current jurisprudence on the issue.

awarded Miller $22,802.84 but denied his request for attorney fees under RCW 49.48.030. Miller requested a trial de novo. The trial court awarded damages of $21,628.97 plus $74,662.00 in attorney fees under RCW 49.48.030.[30] Wolff appealed, claiming in part that MAR 7.3 entitled it to a fee award because Miller had not improved his position at trial because he received a smaller damages award.[31] Division Three affirmed the trial court. It concluded that a court should compare the success of aggregate claims litigated in both the arbitration and trial to decide if Miller improved his position at trial. Because the parties litigated the attorney fee claim at both, it should be considered.[32]

Thus, all three divisions of the Washington Court of Appeals agree that to determine if a party improved its position at a trial de novo, the superior court should compare the aggregate success on claims actually litigated between the parties at both the arbitration and the trial de novo—whether those claims were for damages,[33] statutory fees,[34] costs, or sanctions.[35]

The Supreme Court has neither adopted nor rejected the "compare comparables" rule.[36] In Haley v. Highland,[37] the Supreme Court "generally

---

[30] Miller, 178 Wn. App. at 962.
[31] Miller, 178 Wn. App. at 966.
[32] Miller, 178 Wn. App. at 967-68.
[33] Christie-Lambert, 39 Wn. App. at 303-06.
[34] Miller, 178 Wn. App. at 967-68.
[35] Mei Tran, 118 Wn. App. at 616-17.
[36] Niccum, 175 Wn.2d at 448; Haley v. Highland, 142 Wn.2d 135, 154, 12 P.3d 119 (2000); see Miller, 178 Wn. App. at 967.

agree[d] with the Court of Appeals' view that only comparables are to be compared." But it declined to consider if attorney fees have any place in an MAR 7.3 determination because the party seeking to include fees in the comparison could have requested them at arbitration but did not.[38] The Supreme Court held this precluded inclusion of those fees in the MAR 7.3 comparison.[39] In Niccum v. Enquist,[40] the Supreme Court held that trial courts should not subtract purported "costs" from offers of compromise when comparing those offers to jury awards. The court reasoned that "a party is not entitled to costs in connection with an offer of compromise," so there is no amount to deduct.[41] The court distinguished Mei Tran and other cases where—as in this case—courts "were simply asked to compare a party's position after arbitration to its position after trial de novo."[42]

Here, the trial court attempted to distinguish Mei Tran, explaining, "There, the arbitrator had not considered costs, so there were no arbitration costs to compare to costs following a trial de novo." The trial court then included all the fees and costs it had awarded Bearden in comparing the total trial judgment to

---

[37] 142 Wn.2d 135, 154, 12 P.3d 119 (2000).
[38] Haley, 142 Wn.2d at 154-55.
[39] Haley, 142 Wn.2d at 154-55.
[40] 175 Wn.2d 441, 446, 450, 286 P.3d 966 (2012).
[41] Niccum, 175 Wn.2d at 448.
[42] Niccum, 175 Wn.2d at 448. In light of Niccum, this court reversed its decision in Stedman v. Cooper on reconsideration, holding that the trial court erred in subtracting "costs" from an offer of compromise before comparing it to a jury verdict. 172 Wn. App. 9, 23, 292 P.3d 764 (2012).

the total arbitration award. In support of this ruling, Bearden contends that "where statutory fees or costs are placed 'at issue' at arbitration and at trial, the trial court should include [those fees and costs] in determining whether the appealing party improved its position." Bearden distinguishes Mei Tran on that basis and contends that Miller required the trial court include all the costs at both stages. McGill responds that Mei Tran mandates the trial court compare only the damages the arbitrator awarded to those the trial court awarded.

Contrary to both parties' assertions, Mei Tran and Miller are consistent. Miller held that a trial court may consider certain fees and costs to determine whether a party improved its position under MAR 7.3. Division Three considered attorney fees where "the arbitrator denied attorney fees based on the exact argument that was successful at trial."[43] That argument was that RCW 49.48.030 entitled the plaintiff to attorney fees in his action on wages.[44] In contrast, here, the trial court awarded Bearden fees and costs not requested from the arbitrator.[45] Neither Mei Tran nor Miller allows a trial court to include in its comparison costs and fees the arbitrator was not asked to consider.

---

[43] Miller, 178 Wn. App. at 967-68.
[44] Miller, 178 Wn. App. at 968-69.
[45] These included $103.84 in witness fees, $1,752.05 in deposition costs, $400.00 for Dr. Gaddis's report, $9.50 for a police report, and part of the $498.00 in filing fees. Of course, Bearden did not submit these costs to the arbitrator because he incurred them only in preparing for trial.

The arbitrator in this case awarded Bearden the filing fee, costs of service of process and records and reports, and statutory attorney fees totaling $1,187.00, all under RCW 4.84.010. After trial, the court considered all of these fees and costs and others that Bearden incurred after arbitration for trial. Of the fees and costs that Bearden presented to the arbitrator, the trial court awarded Bearden only $765.49.[46] Thus, among the fees and costs the arbitrator had considered, the trial court awarded Bearden $421.51 less. Combined with the $1,500.00 less that Bearden recovered in damages, McGill thus improved his position by $1,921.51 when comparing those fees, costs, and damages that both the arbitrator and trial court considered. McGill improved his position at trial.

This result comports with cases from the three divisions of this court and the Supreme Court. Consistent with our observation that "[a] trial is almost always more expensive than arbitration," this result does not consider those fees and costs that arise only for trial.[47] In Haley, the Supreme Court "generally agree[d] with" this court's compare comparables rule but found it unnecessary to adopt a bright-line rule that "attorney fee awards have no place in making an

_____

[46] This includes $232.49 in filing fees, $200.00 in statutory attorney fees, and $333.00 for serving McGill, all of which the arbitrator had awarded Bearden. But the trial court declined to award two more costs the arbitrator awarded: $276.00 for medical records and $195.00 for serving Nellie Knox McGill.

[47] Mei Tran, 118 Wn. App. at 612; Haley, 142 Wn.2d at 159 (Talmadge, J., concurring).

MAR 7.3 determination."[48] This rule compares comparables while allowing that courts may in some cases consider fee awards in making MAR 7.3 decisions. And in Niccum, the Supreme Court excluded fees and costs from its comparison because a party making an offer of compromise is not yet entitled to fees and costs.[49] Unlike an offer of compromise, an arbitrator's award can include fees and costs, so Niccum does not preclude their inclusion here.

Bearden also asserts that the 2011 amendments to the MAR support the trial court's inclusion of costs in comparing awards. Those amendments clarified "the authority of the arbitrator to award costs and attorney fees."[50] They did not address if, for application of MAR 7.3, a party "fails to improve [its] position on the trial de novo" where the total judgment is greater than the arbitration award. We presume the Supreme Court knew about the Court of Appeals' decisions we have discussed above and could have changed the rule to require a different result if it disagreed.

Finally, Bearden contends that the policies of the mandatory arbitration system support his position. Bearden correctly notes that the legislature intended mandatory arbitration to relieve court congestion and provide a speedy

---

[48] Haley, 142 Wn.2d at 154.
[49] Niccum, 175 Wn.2d at 450.
[50] Purpose statement to proposed amendment to MAR 3.2(a), Wash. St. Reg. 11-01-023 (Dec. 2, 2010).

and inexpensive method for resolving claims of $50,000 or less.[51] But an interpretation of MAR 7.3 that discourages <u>meritorious</u> appeals would also frustrate the purposes of the mandatory arbitration system.[52]

Because McGill improved his position at trial, MAR 7.3 did not entitle Bearden to attorney fees, and the trial court erred in awarding him those fees. We reverse that award.[53]

<u>The Trial Court's Cost Awards</u>

*Dr. Gaddis's Report*

McGill contends the trial court erred in awarding Bearden $400.00 for Dr. Gaddis's report. RCW 4.84.010(5) allows for reasonable expenses "incurred in obtaining reports and records[ ] which are admitted into evidence." Although McGill improved his position at trial, Bearden was the prevailing party at both arbitration and trial. RCW 7.06.060(3) "does not preclude the prevailing party from recovering those costs and disbursements otherwise allowed under chapter 4.84 RCW, for both actions."

McGill makes three challenges to the award of report costs under RCW 4.84.010(5). All three lack merit.

---

[51] <u>Christie-Lambert</u>, 39 Wn. App. at 302-03.
[52] <u>See</u> <u>Hutson v. Costco Wholesale Corp.</u>, 119 Wn. App. 332, 338, 80 P.3d 615 (2003); <u>Niccum</u>, 175 Wn.2d at 452.
[53] <u>See</u> <u>Stedman</u>, 172 Wn. App. at 25.

-14-

First, McGill argues the trial court erred in awarding costs for the report because the trial court did not admit the report into evidence. But this court has held that RCW 4.84.010(5) "plainly allows costs for medical records so long as they are admitted into evidence, either in mandatory arbitration or at trial."[54] The same rule applies to reports under the same provision. Since the arbitrator admitted Gaddis's report, the trial court did not need to admit it to award its cost.

Second, McGill contends the Gaddis report did not qualify under RCW 4.84.010(5) because that statute covers only costs of "obtaining" preexisting documents, not producing new ones for litigation. McGill cites no authority for this restrictive reading of the statute. This proposed interpretation would require this court to add language to the statute that the legislature did not include.

Third, McGill contends the report was an expert expense and therefore not permitted under RCW 4.84.010. "[C]osts under the Mandatory Arbitration Rules are limited to those items set forth in RCW 4.84.010."[55] "'Where an expert is employed and is acting for one of the parties, it is not proper to charge the allowance of fees for such expert.'"[56] "The party presenting an issue for review

---

[54] Stedman, 172 Wn. App. at 23 (holding RCW 4.84.010(5) entitled injured motorist to costs for medical records admitted during mandatory arbitration but not during trial de novo).

[55] Colarusso v. Petersen, 61 Wn. App. 767, 771, 812 P.2d 862 (1991).

[56] Wagner v. Foote, 128 Wn.2d 408, 417-18, 908 P.2d 884 (1996) (quoting Fiorito v. Goerig, 27 Wn.2d 615, 620, 179 P.2d 316 (1947)).

-15-

has the burden of providing an adequate record to establish such error and should seek to supplement the record when necessary."[57]

McGill contends that Gaddis acted as Bearden's expert in preparing his report, even though Gaddis also treated Bearden. McGill acknowledges that Gaddis's report is not part of the appellate record and Bearden's trial court briefing provides the only description of it. That brief states the arbitrator admitted the report in lieu of a perpetuation deposition to help "establish the reasonableness and necessity of the chiropractic and massage therapy billings"—not, as McGill contends, as an opinion on the cause of Bearden's injuries. This purpose is consistent with the report's cost being a "[r]easonable expense[ ] . . . incurred in obtaining reports and records" from a treating physician, rather than a cost for an expert witness.[58] This court cannot say on this record that the trial court erred in awarding Bearden the cost of Gaddis's report under RCW 4.84.010(5). We affirm that cost.

*Dr. Murphy's Deposition*

McGill also contends that the trial court abused its discretion in awarding Bearden 50 percent of the cost of Dr. Murphy's discovery deposition. Bearden's attorney used Murphy's discovery deposition in cross-examining Murphy during

---

[57] State v. Sisouvanh, 175 Wn.2d 607, 619, 290 P.3d 942 (2012) (citations omitted); RAP 9.2(b), 9.6, 9.10.

[58] RCW 4.84.010(5).

Murphy's perpetuation deposition. The parties recorded and played the perpetuation deposition at trial in lieu of Murphy's live testimony.

RCW 4.84.010(7) allows cost awards for depositions "on a pro rata basis for those portions of the depositions introduced into evidence or used for . . . impeachment." Neither party introduced Murphy's discovery deposition into evidence, but Bearden used part of it to impeach Murphy. The question is thus what constitutes a permissible "pro rata basis" for the portions Bearden used to impeach Murphy in cross-examination.

Bearden argued successfully that he should receive 50 percent of the cost of Dr. Murphy's discovery deposition because his "cross-examination outline was drawn from, and thus 'used,' Dr. Murphy's discovery deposition testimony." McGill asserts that RCW 4.84.010 does not allow for such a broad definition of "used for . . . impeachment." He contends the proper basis is closer to 2 percent than 50 percent because Bearden's counsel directly cited only two pages during cross-examination.[59]

The appellate record does not contain Murphy's discovery deposition. Although Bearden's attorney cited directly to the transcript only twice during the perpetuation deposition, she impeached Murphy throughout using his history of work as a defense witness and his incomplete basis for his opinions. This court

---

[59] This would make the proper pro rata amount $10.45 rather than $261.25.

cannot say on this record that the trial court abused its discretion in deciding that Bearden "used" 50 percent of Murphy's discovery deposition for impeachment. We therefore reject McGill's challenge to the award of costs for Murphy's deposition.

Lack of Contemporaneous Proof of Expenses

Next McGill contends, without citing authority, that the trial court "generally abused its discretion by not requiring any sort of bills, invoices, or receipts to justify the claimed expenses."[60]

A trial judge has broad discretion in determining the reasonableness of an award. This court will not disturb an award unless the appellant demonstrates that the trial court manifestly abused its discretion.[61] The trial court here relied on two sworn declarations from Bearden's counsel to support the costs. These declarations itemized and described each cost for the trial court and provided additional clarification where McGill challenged the costs. The trial court did not manifestly abuse its discretion by relying on Bearden's counsel's sworn declarations to determine costs.[62]

---

[60] McGill notes that he objected to the lack of documentation in his objections to plaintiff's proposed judgment.

[61] Ethridge v. Hwang, 105 Wn. App. 447, 460, 20 P.3d 958 (2001).

[62] McGill's contentions that that lack of documentation led to exorbitant costs also lack merit. He claims Murphy's perpetuation deposition cost over $200 more than Murphy's discovery deposition, despite being "likely a shorter deposition." McGill cannot say for certain the perpetuation deposition was shorter; the figures are not far apart ($750 to $520); and the factors that go into

Exclusion of Bearden's Proposed Costs

Bearden contends in his response brief that the trial court abused its discretion in refusing to award Bearden the costs of serving Nellie Knox McGill and obtaining Bearden's medical records. The arbitrator had allowed both costs.

This court will grant a respondent affirmative relief of a trial court's decision "only (1) if the respondent also seeks review of the decision by the timely filing of a notice of appeal or a notice of discretionary review, or (2) if demanded by the necessities of the case."[63] Because Bearden requests affirmative relief but did not file a notice of appeal or "independently demonstrate[ ] a basis for relieving [him] of the requirements of RAP 2.4," we reject his challenges to the trial court's exclusions of costs.[64]

Attorney Fees and Costs for Appeal

Finally, Bearden argues that RAP 18.1 entitles him to fees on appeal. RAP 18.1 authorizes appellate courts to award reasonable attorney fees or expenses where authorized by applicable law. "A party entitled to attorney fees

---

pricing depositions are not before the court. McGill also claims that because Bearden did not use Murphy's deposition in his case in chief, Bearden did not "need" to spend money on Murphy's perpetuation deposition. McGill cites no authority to support this proposition. Further, McGill did not object before trial to the perpetuation deposition costs or their lack of documentation.

[63] RAP 2.4(a), 2.5(a); Happy Bunch, LLC v. Grandview N., LLC, 142 Wn. App. 81, 90 n.2, 173 P.3d 959 (2007).

[64] See Happy Bunch, 142 Wn. App. at 90 n.2.

under MAR 7.3 at the trial court level is also entitled to attorney fees on appeal if the appealing party again fails to improve her position."[65]

Because we reverse the trial court's award of attorney fees to Bearden, McGill has improved his position on appeal. We therefore decline to award Bearden RAP 18.1 fees.

## CONCLUSION

Under MAR 7.3 and RCW 7.06.060(1), McGill improved his position by requesting a trial: Bearden's combined damages, costs, and fees were less after trial than after arbitration when comparing only those costs and fees litigated before both the arbitrator and trial court. The trial court thus erred in ruling otherwise. We reverse the trial court's award of attorney fees to Bearden. Because the record does not show the trial court abused its discretion in awarding Bearden the costs of Dr. Gaddis's report or Dr. Murphy's discovery

---

[65] Arment v. Kmart Corp., 79 Wn. App. 694, 700, 902 P.2d 1254 (1995); Boyd v. Kulczyk, 115 Wn. App. 411, 417, 63 P.3d 156 (2003).

deposition, we affirm those awards. We deny Bearden's request for fees on appeal.

_Leach, J._

WE CONCUR:

_Dwyer, J._                    _Schindler, J._