[No. 13256–7–II.   Division Two.   March 6, 1991.]

CORMAR, LTD., *Appellant,* v. TOM SAURO, ET AL, *Respondents.*

*Stephen A. Burnham,* for appellant.

*A. Corinne Dixon,* for respondents.

WORSWICK, C.J.—This complicated business dispute ended up in arbitration. The arbitrator made a lump sum damage award in favor of Tom Sauro and against Cormar, Ltd., but rejected Sauro's claim for preaward interest. Cormar requested a trial de novo.

The trial court ultimately awarded Sauro a principal amount less than the arbitration award, but also awarded prejudgment interest. Because the result was a net judgment greater than the arbitration award, the trial court awarded attorneys fees to Sauro pursuant to MAR 7.3. Cormar appeals only that award. We affirm.

█ In relevant part, MAR 7.3 says

> The court shall assess . . . reasonable attorney fees against a party who appeals [an arbitration award] and fails to improve the party's position on the trial de novo.

We have found no cases or rulemaking history that would aid in determining the drafter's intent in using the rather unspecific word "position." The choice of words is unique only in that other words, more beloved of arcane legal writers, are not used.

We conclude that the rule was meant to be understood by ordinary people who, if asked whether their position had been improved following a trial de novo, would certainly answer "no" in the face of a superior court judgment against them for more than the arbitrator awarded.[1]

Cormar advances a sophisticated argument having to do with the use value of money and how it is affected by the time lag between arbitration award and a court hearing. We are not persuaded by the argument, which fails to refute the simple fact that Sauro emerged from superior court with a judgment for more money than the arbitrator awarded. Moreover, Cormar's approach is not consonant

---

[1]*Webster's Third New International Dictionary* 1769 (1969) defines position as "relative place, situation, or standing."

with the purpose of arbitration, which is to keep disputes out of the courts. *See Westmark Properties v. McGuire,* 53 Wn. App. 400, 402, 766 P.2d 1146 (1989). That purpose is best served by reading MAR 7.3 as a broad warning that one who asks for a trial de novo, and thereafter suffers a judgment for a greater amount than the arbitration award, will be liable for attorneys fees.

Affirmed.

ALEXANDER and MORGAN, JJ., concur.

Review denied at 117 Wn.2d 1004 (1991).