# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JAMES BEARDEN, | ) | No. 72926-8-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| DOLPHUS MCGILL, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| NELLIE KNOX MCGILL, | ) | |
| | ) | FILED: February 21, 2017 |
| Defendant. | ) | |
| | ) | |

LEACH, J. — MAR 7.3 and RCW 7.06.060(1) require that a party who appeals an arbitration award and fails to improve its position at a trial de novo pay the costs and reasonable attorney fees incurred by the opposing party after the request for the trial.[1] The purpose of these provisions is to "encourage settlement and discourage meritless appeals."[2]

Dolphus McGill appeals the trial court's award of $71,800 in attorney fees to James Bearden. McGill claims that he improved his position at a trial de novo he requested. In an earlier opinion,[3] we agreed. We stated that a trial court should include in its MAR 7.3 analysis those costs that both the arbitrator and trial court awarded but exclude costs that

---

[1] MAR 7.3 requires a court to "assess costs and reasonable attorney fees against a party who appeals [an arbitration] award and fails to improve the party's position on the trial de novo." Because the rule and the statute, RCW 7.06.060(1), are substantively identical, we refer to them together as MAR 7.3.

[2] Nelson v. Erickson, 186 Wn.2d 385, 391, 377 P.3d 196 (2016)).

[3] Bearden v. McGill, 193 Wn. App. 235, 372 P.3d 138, remanded, 186 Wn.2d 1009 (2016).

arose only for trial. The Supreme Court granted review and remanded for us to reconsider our opinion in light of its intervening decision in Nelson v. Erickson.[4] Following the Supreme Court's approach, we contrast the jury verdict with the initial arbitration award to determine whether McGill improved his position at trial. Because that verdict was less than the arbitration award, we again conclude that McGill improved his position at trial. As in our earlier opinion, we reverse.

## FACTS

Dolphus McGill caused injuries to James Bearden in a January 2011 automobile accident. Bearden sued, and the parties took part in mandatory arbitration. The arbitrator awarded Bearden $44,000 in compensatory damages. He then amended the award to include $1,187 in fees and costs for a total of $45,187.

McGill requested a trial de novo. The jury awarded Bearden $42,500.00 in damages. The trial court then awarded Bearden $3,296.39 in costs under RCW 4.84.010. The trial court awarded Bearden a $45,796.39 judgment against McGill.

Bearden then moved for attorney fees and costs under MAR 7.3, arguing that McGill failed to improve his position by appealing the arbitration award because with costs the trial court judgment against McGill, $45,796.39, was greater than the $45,187.00 amended arbitration award. McGill responded that costs should not factor into his "position" under MAR 7.3 and that he actually improved his position from owing $44,000.00 in damages after arbitration to owing $42,500.00 in damages after trial. The trial court agreed with Bearden and awarded him $71,800.00 in attorney fees.

---

[4] 186 Wn.2d 385, 377 P.3d 196 (2016).

McGill appealed, and this court reversed. The Supreme Court granted Bearden's petition for review and remanded to this court for reconsideration in light of its intervening opinion in Nelson.

## STANDARD OF REVIEW

This court reviews de novo the application of a court rule and whether a statute authorizes an award of attorney fees.[5]

## ANALYSIS

In our earlier opinion in this case, we held that "to determine if a party improved its position at a trial de novo, the superior court should compare the aggregate success on claims actually litigated between the parties at both the arbitration and the trial de novo."[6] We said that this required the trial court to "compar[e] every element of monetary relief the arbitrator considered with the trial court's award for those same elements."[7] On remand, McGill contends that our analysis was correct. Bearden contends that the Nelson decision requires that we compare the total amended arbitration award and trial judgment, including costs, and thus conclude that McGill did not improve his position.

Although we revise our earlier analysis in light of Nelson, we again conclude that McGill improved his position at trial. The Nelson court based its analysis almost entirely on Niccum v. Enquist.[8] We therefore confine our analysis to these two decisions.

---

[5] Niccum v. Enquist, 175 Wn.2d 441, 446, 286 P.3d 966 (2012).
[6] Bearden, 193 Wn. App. at 245.
[7] Bearden, 193 Wn. App. at 239.
[8] 175 Wn.2d 441, 286 P.3d 966 (2012).

Like this case, Niccum involved an automobile collision that went to arbitration.[9] After the arbitrator awarded the plaintiff $24,496.00 in compensatory damages, the defendant requested a trial de novo.[10] The plaintiff ultimately made an offer of compromise to accept "an award of $17,350.00 *including costs and statutory attorney fees.*"[11] The jury awarded the plaintiff $16,650.00 in compensatory damages.[12]

The plaintiff then requested an award of costs and attorney fees under MAR 7.3 because the defendant had not improved his position at trial. The plaintiff argued that the court should subtract the amount of costs, $1,016.28, included in his $17,350.00 settlement offer to decide if the defendant had improved his position. Because the result, $16,333.72, was less than the $16,650.00 verdict, the defendant had failed to improve his position.[13]

The Supreme Court rejected this argument, stating that "[a] straightforward application of the statutory language shows that [the defendant] improved his position on trial de novo."[14] The court observed that "a party is not entitled to costs in connection with an offer of compromise."[15] Thus, the court reasoned, it would be improper to subtract from the offer of compromise the costs the trial court eventually awarded when comparing the offer with the jury verdict.[16] The court also stated that "[t]he statute was 'meant to be understood by ordinary people'" and "an ordinary person would consider that the 'amount'

---

[9] Niccum, 175 Wn.2d at 443-44.
[10] Niccum, 175 Wn.2d at 444.
[11] Niccum, 175 Wn.2d at 444.
[12] Niccum, 175 Wn.2d at 444.
[13] Niccum, 175 Wn.2d at 445.
[14] Niccum, 175 Wn.2d at 452.
[15] Niccum, 175 Wn.2d at 448.
[16] Niccum, 175 Wn.2d at 448.

of an offer of compromise is the total sum of money that a party offered to accept in exchange for settling the lawsuit."[17] For this reason, the court compared the $17,350 offer to the lesser jury verdict to decide that the defendant improved his position at trial.[18]

Nelson also involved an automobile collision that went to arbitration.[19] After the arbitrator awarded Nelson $44,923, including costs and attorney fees, the defendant requested a trial de novo.[20] To avoid trial, Nelson offered to settle for "'$26,000 plus taxable costs incurred at arbitration.'"[21] The parties knew the arbitration costs to be $1,522. At trial, a jury awarded Nelson $24,167 in compensatory damages.[22] The trial court added $3,000 for future noneconomic damages, bringing the total compensatory award for Nelson to $27,167—more than $26,000 but less than $26,000 plus the known arbitration costs.

Nelson then requested an award of costs and attorney fees under MAR 7.3, claiming that the defendant had not improved his position at trial. Nelson characterized his settlement offer as simply $26,000, which is less than the $27,167 damage award, entitling him to recover costs and attorney fees.

As in Niccum, the Supreme Court stated that a trial court should interpret a party's "position prior to trial . . . as an ordinary person would."[23] But the court noted that unlike in Niccum, this principle was in tension with the principle that "parties generally cannot

---

[17] Niccum, 175 Wn.2d at 452 (quoting Cormar, Ltd. v. Sauro, 60 Wn. App. 622, 623, 806 P.2d 253 (1991)).
[18] Niccum, 175 Wn.2d at 452-53.
[19] Nelson, 186 Wn.2d at 387.
[20] Nelson, 186 Wn.2d at 387.
[21] Nelson, 186 Wn.2d at 387.
[22] Nelson, 186 Wn.2d at 387.
[23] Nelson, 186 Wn.2d at 387; see Cormar, 60 Wn. App. at 623.

include costs in their settlement offers."[24] It nonetheless concluded that "an ordinary person" would have understood Nelson's offer to include the $1,522 in known arbitration costs. Thus, the trial court properly included those costs in its MAR 7.3 test.[25] Because Erickson went from owing $27,522 to owing $27,167, the Supreme Court concluded, Erickson improved his position at trial.[26]

As is typical of many remand orders from the Washington and United States Supreme Courts, the order in this case provided no guidance about how Nelson bears on our earlier decision. But Nelson and Niccum apply the same rule: a court applying MAR 7.3 must view the pretrial and posttrial positions of the party requesting the trial de novo from the perspective of an ordinary person.[27] Also, in both Nelson and Niccum the court determined the requesting party's posttrial position by looking at only the jury verdict, not the final judgment including costs.[28]

Bearden contends that we should not look at the jury verdict but instead look at the final judgment to decide McGill's posttrial position. Bearden does not identify any part of either the Nelson or Niccum decision that supports this view. And Bearden does not offer any persuasive reason to distinguish this case from the two cases in which the Supreme Court looked only to the jury verdict. We note that the Supreme Court's approach promotes simplicity in analysis and avoids the problems of confusion, vagueness, and

---

[24] Nelson, 186 Wn.2d at 388.
[25] Nelson, 186 Wn.2d at 391.
[26] Nelson, 186 Wn.2d at 392.
[27] Applying the ordinary person standard outside the settlement context is appropriate because the Supreme Court drew the concept from a decision that compared a posttrial award with an arbitration award, not a settlement offer. See Cormar, 60 Wn. App. at 623.
[28] See Niccum, 175 Wn.2d at 452; Nelson, 186 Wn.2d at 387-88, 392.

need for dissection that concerned the court.[29] Also, even the dissenters in Niccum would

not consider costs in their analysis.[30] Thus, we follow the Supreme Court's example and

adopt the jury verdict as McGill's posttrial position.

To decide the requesting party's pretrial position, Niccum and Nelson looked at

offers of compromise. Bearden did not make an offer of compromise. But RCW

7.06.050(1)(b) states that "for purposes of MAR 7.3, the amount of the offer of

compromise shall replace the amount of the arbitrator's award."[31] To determine a

requesting party's position pretrial when no offer of compromise has been made, a court

looks at the arbitration award.

This statement does not provide a complete answer because some arbitration

cases result in two awards: an initial award of damages followed by an amended award

that includes costs.[32] Here, the arbitrator initially awarded Bearden $44,000 in damages,

then amended the award to include $1,187 in costs. We must decide which award

represents McGill's pretrial position.

While Niccum and Nelson do not provide a direct answer to this question, we

conclude that like the posttrial "position" of the requesting party, that party's pretrial

position is the initial arbitration award without costs. The Niccum court emphasized that

a prevailing party is only entitled to costs "'upon the judgment.'" It reasoned that "when a

party appeals the arbitrator's award, not only is there no judgment, there is also no

---

[29] Nelson, 186 Wn.2d at 391-92.
[30] Niccum, 175 Wn.2d at 456 (Chambers, J., dissenting) ("I am not suggesting that costs should be considered if no offer of compromise were made or if an offer contained no reference to costs.").
[31] See Niccum, 175 Wn.2d at 446-47; Nelson, 186 Wn.2d at 388.
[32] See MAR 6.4.

'prevailing party' for purposes of RCW 4.84.010" and therefore no right to costs.[33] As we noted, even the Niccum dissent would not consider costs in the absence of an offer of compromise. After a trial de novo request, a successful party at arbitration is not entitled to costs despite an amended award's inclusion of costs. So the trial court should look to the initial arbitration award to determine the requesting party's position after arbitration.[34] This approach comports with the Supreme Court's direction to view MAR 7.3 from the perspective of an ordinary person.

Not considering the costs when deciding the requesting party's postarbitration, pretrial "position" also furthers MAR 7.3's policy. The legislature intended MAR 7.3 to "'encourage settlement and discourage meritless appeals.'"[35] An interpretation that makes recovery of attorney fees under MAR 7.3 more difficult frustrates the rule's purpose. Including the arbitrator's costs as part of a party's pretrial "position" would in most cases make recovery of attorney fees under MAR 7.3 more difficult. In passing the latest amendments to the mandatory arbitration statutes, RCW 7.06.050 and RCW 7.06.060, the legislature heard testimony that "[m]ost appeals (86 percent) are filed by defendants[,] and this means that injured parties are not being paid in a timely manner."[36] When a defendant requests trial, a larger pretrial side position makes it easier for the defendant to "improve its position" at trial. An interpretation of MAR 7.3 that includes costs in the pretrial position thus makes it easier for defendants to improve their position.

---

[33] Niccum, 175 Wn.2d at 449-50 (quoting RCW 4.84.010).
[34] Accord dissent at 456.
[35] Nelson, 186 Wn.2d at 388 (quoting Niccum, 175 Wn.2d at 451).
[36] S.B. REP. ON H.B. 5373, 57th Leg., Reg. Sess. (Wash. 2002).

This, in turn, may incentivize defendants to request trials de novo to the detriment of MAR 7.3's purpose.

Here, McGill owed $44,000 in damages after arbitration and $42,500 in damages after trial. He improved his position. MAR 7.3 does not entitle Bearden to attorney fees. We note that including arbitration costs to determine McGill's pretrial position would not change the result in this case because both the initial award and the amended award are more than the jury verdict.

## CONCLUSION

On reconsideration in light of Nelson, we revise our view of the MAR 7.3 analysis. We hold that a trial court should determine a requesting party's position after trial by looking at the damages the court awarded, exclusive of costs, as the Supreme Court did in Nelson and Niccum. Under this test, McGill improved his position at trial. We therefore reverse the trial court's award of attorney fees to Bearden under MAR 7.3 and remand.

Leach, J.

WE CONCUR: