# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| GREG BONDY, and KANDU ENTERPRISE, LLC, a Washington limited liability company, | No. 54616-7-II |
| Respondents, | |
| v. | UNPUBLISHED OPINION |
| DANA RAY KUCHAN, and 'JANE DOE' KUCHAN, a married couple, and KUCHAN CONSTRUCTION COMPANY, INC., a Washington Corporation, | |
| Appellants. | |

MAXA, J. – Dana Kuchan and Kuchan Construction Co. (hereinafter Kuchan) appeal the trial court's judgment in favor of Greg Bondy and Kandu Enterprise, LLC (hereinafter Bondy) following a bench trial in which Kuchan was found liable for breach of contract arising from a construction project.

Bondy, a general contractor, hired Kuchan as a subcontractor to demolish a garage that Bondy had contracted to rebuild. Bondy specifically instructed Kuchan to remove the garage walls without disturbing the garage's foundation. However, Kuchan removed the garage's stem wall and the slab, eliminating any use of the existing foundation. Bondy then had to install a new foundation, which required him to obtain a new building permit for work on the garage. Bondy claimed that he incurred over $20,000 in expenses that would not have been incurred but

for Kuchan's removal of the slab. The trial court found Kuchan liable for breach of contract and awarded Bondy the full amount of his claimed damages.

Kuchan does not challenge the trial court's finding that he breached his contract with Bondy. However, he argues that the trial court erred in concluding that his breach caused Bondy's claimed damages. He asserts that Bondy would have incurred the additional expenses even if Kuchan had not removed the stem wall and slab. We hold that substantial evidence supports the trial court's finding regarding the amount of Bondy's damages. Accordingly, we affirm the trial court's judgment.

FACTS

*Background*

In 2015, Bondy was hired as a general contractor to perform work on a house in Port Angeles. A prior contractor had obtained a building permit for the work in 2013, which was based on the use of the existing foundation slab for the garage. Bondy hired Kuchan as a subcontractor to remove the garage and perform other work.

Bondy told Kuchan to remove the garage walls without disturbing the stem wall or the garage slab because the homeowners planned to rebuild the garage on the existing concrete footprint. Despite this direction, Kuchan tore out the stem wall and the slab, thereby eliminating any use of the existing foundation. Because Bondy's work on the garage now included constructing a new foundation, he had to obtain a new building permit for the work.

Bondy filed a lawsuit against Kuchan for breach of contract. Bondy alleged that he suffered damages because he had to replace the garage foundation, incurring additional architectural, engineering, permitting, and labor costs to complete the work.

The case went to mandatory arbitration, where the arbitrator awarded Bondy $9,030 in damages. Kuchan requested a trial de novo.

*Trial and Judgment*

The case proceeded to a bench trial. Bondy testified that he planned to remove the roof and framing of the old garage so he could rebuild a new garage using the existing foundation. He hired Kuchan to remove the roof and framing. Although he directed Kuchan not to remove the stem wall and the slab, Kuchan removed them. The removal of the foundation eliminated any "grandfather" privileges related to the 2013 permit. Before Kuchan removed the foundation, it was intact without any cracks or defects.

Bondy testified that he had to incur additional expenses to complete his work on the garage because the foundation had to be replaced, and he produced invoices to support his claim. The expenses related to (1) architectural and engineering costs for the new design and the cost of the new building permit, (2) an electrical panel that had to be installed in the garage, (3) materials and labor to construct the new foundation, (4) replacement of a sidewalk that was removed along with the foundation, and (5) the hours of Bondy and a bookkeeper relating to the additional work. At least some of the additional expenses were incurred because of the loss of the grandfather privileges.

The total additional expenses Bondy claimed were over $21,000, although Bondy agreed that some of his claimed time was litigation related and should not have been included. Bondy stated that none of these expenses would have been incurred if the foundation had been left in place. The costs did not include any work that was planned before removal of the slab.

On cross-examination, Bondy confirmed that the 2013 building permit application described the work to be performed on the garage as "rebuild roof structure." Ex. 12. The

permit did not describe demolishing and replacing the garage. On the other hand, the 2015 permit application described the work as "[g]arage reconstruction." Ex.13.

Kuchan testified that he removed the slab because there was a void underneath and there was no steel rebar in the slab. He did not think that the slab was adequate for a new garage.

Don Schuba, the project designer, testified that the stem wall and the slab seemed to be in good shape. The plans Schuba prepared to obtain the 2013 building permit included using the existing foundation. The foundation was adequate for the project and had no defects or sign of failure. The 2013 building permit allowed the use of the existing foundation.

On cross-examination, Schuba confirmed that the 2013 building permit application only referenced rebuilding the garage roof, not demolishing the entire structure. He also stated that his plans called for use of the existing walls, but with modifications. Later, he testified that the 2013 permit contemplated rebuilding the walls to accommodate the new roof structure. Although the permit application did not mention the walls, the drawings he submitted showed what he intended when seeking the permit.

Jim Lierly, the building official for the City of Port Angeles, testified that the 2013 building permit was for rebuilding the garage roof structure and would not include demolition and reconstruction of the garage. However, he then admitted that without looking at the actual plans, he would have to speculate about what was allowed by the 2013 permit.

In closing argument, Kuchan argued that the 2013 permit did not allow Bondy to remove the walls of the garage as he planned. Kuchan asserted that as a result, Bondy would have been required to obtain a new permit and incur the additional expenses he claimed to perform the planned work even if Kuchan had not removed the stem wall and slab. Therefore, Kuchan argued that any breach of contract did not cause Bondy any damages.

4

Following trial, the trial court filed a memorandum opinion ruling in Bondy's favor. The court concluded that Kuchan was liable for breach of contract and Bondy was entitled to damages in the amount of $20,609.72.

The trial court subsequently entered findings of fact, including the following:

16. Plaintiff Bondy had been a contractor for approximately 20 years and had done a lot of concrete work and inspections of concrete, and he determined that the existing stem wall and slab were intact, not cracked and appeared adequate for future use.

17. The foundation was in good shape, adequate, and the right size.

18. The City of Port Angeles granted a permit based upon using the [foundation] in the plans.
. . . .

22. As a result of Defendant's removal of the slab and stem foundation for the garage, Plaintiff dedicated $20,609.72 to consequential cost to complete the project.

23. Defendant Dana Kuchan and Kuchan Construction Company, Inc. are liable for the breach.
. . . .

26. None of [the] costs claimed by Plaintiff would have been incurred if the slab and stem wall were left in place (Bondy). Plaintiff would not have incurred these costs claimed for damages but for Defendant's removal of the stem wall and slab (Bondy).

27. The concrete stem wall and slab were in good shape, adequate and the right size for the garage (Schuba).

28. Schuba applied for the permit in 2013 with plans he prepared and the permit was issued by the City (Schuba). His plans assumed using the existing walls with some modifications to the walls for the new roof. The 2013 permit allowed the existing slab wall and slab to be used for new walls and a new roof. The permit contemplated essentially rebuilding the walls (Schuba). Schuba's drawings that he submitted for the permit showed what was to be done; not the short title of the building permit application (Schuba).

29. The permit granted Plaintiff permission to build on the existing slab and foundation (Bondy).

5

30. Regarding the permit which purportedly did not allow destruction and rebuilding of the garage, the City building inspector cannot say exactly what was permitted without looking at the plans that were submitted (Lierly).

31. No credible evidence was submitted by Defendant to show that Plaintiff would not ultimately have been allowed and able to use the existing slab and stem wall for reconstruction of the garage.

Clerk's Papers at 19-21.

The trial court entered a conclusion of law that Bondy was entitled to judgment against Kuchan in the amount of $20,609.72. In addition, the court entered a conclusion of law that judgment should be entered in favor of Bondy for $7,200 in attorney fees because Kuchan had filed a request for a trial de novo of the arbitration award and had failed to improve his position at trial. The court subsequently entered judgment in favor Bondy in the amount of $20,609.72 and attorney fees in the amount of $7,200.

Kuchan appeals the trial court's judgment.

ANALYSIS

A.   BREACH OF CONTRACT DAMAGES

Kuchan argues that the trial court erred in concluding that his breach of contract caused Bondy's claimed $20,609.72 in damages. He claims that his breach of contract did not cause the damages the trial court awarded because Bondy would have been required to incur those expenses even if the slab had not been removed. We disagree.

1.   Standard of Review

When reviewing a trial court's ruling following a bench trial, we determine whether substantial evidence supports the court's findings of fact and whether the findings support the conclusions of law. *Real Carriage Door Co. v. Rees*, 17 Wn. App. 2d 449, 457, 486 P.3d 955 (2021). Substantial evidence supports a finding if it is sufficient to persuade a rational, fair-

minded person that the finding is true. *Id.* We view the evidence in the light most favorable to the prevailing party, including all reasonable inferences. *Id.* And we do not review the court's assessment of the credibility of witnesses. *Id.* We treat unchallenged findings of fact as verities on appeal. *Id.*

On appeal, Kuchan assigns error only to findings of fact 18, 22, and 23.[1] Therefore, the trial court's other findings of fact are verities. *Id.*

### 2. Legal Principles

In a breach of contract action, the plaintiff has the burden of proving that the breach caused economic damages and the amount of the damages. *Columbia Park Golf Course, Inc. v. City of Kennewick,* 160 Wn. App. 66, 83, 248 P.3d 1067 (2011). The purpose of breach of contract damages is to place the injured party in the same position as if the breaching party had properly performed the contract. *Floor Express, Inc. v. Daly*, 138 Wn. App. 750, 754, 158 P.3d 619 (2007). The injured party can recover all damages flowing from the breach, including consequential damages the breach caused. *Id.*

Whether the plaintiff has proved damages with sufficient certainty generally is a question of fact. *Columbia Park Golf Course,* 160 Wn. App. at 87.

### 3. Analysis

Kuchan assigns error to finding of fact 22, in which the trial court found that Kuchan's removal of the stem wall and slab caused Bondy $20,609.72 in consequential costs to complete the garage project. The question here is whether substantial evidence supports that finding. *Real Carriage Door*, 17 Wn. App. 2d at 457. Kuchan also assigns error to conclusion of law 3, which

---

[1] Kuchan makes no argument regarding finding of fact 23, which merely states that he is liable for breach of contract. And as noted above, Kuchan states in his brief that he does not challenge the trial court's finding that he breached his contract with Bondy.

states that Bondy should be awarded judgment against Kuchan for $20,609.72. The question here is whether the court's findings support this conclusion. *Id.*

Bondy's testimony supported finding of fact 22. He expressly testified that he incurred additional expenses exceeding $21,000, less some costs that he agreed should not have been included. And he expressly testified that none of these expenses would have been incurred if the foundation had been left in place. The trial court credited this testimony in unchallenged finding of fact 26.

Despite Bondy's testimony and the unchallenged finding of fact 26, Kuchan argues that his breach of contract did not cause the damages the trial court awarded because Bondy would have been required to incur those expenses even if the slab had not been removed. He claims that the 2013 building permit did not allow a complete reconstruction of the garage, and therefore Bondy would have had to obtain a new building permit anyway to complete the project.

There are three problems with this argument. First, Kuchan essentially is arguing that the trial court should not have believed Bondy's testimony that he would not have incurred the additional expenses if Kuchan had not removed the foundation. But finding of fact 26 reflects that the trial court found that Bondy's testimony was credible. We do not review the trial court's credibility assessments. *Real Carriage Door*, 17 Wn. App. 2d at 457.

Second, whether Bondy would have needed to obtain a new permit even if Kuchan had not removed the slab was a disputed factual issue at trial. Kuchan argues that the 2013 permit did not allow Bondy to perform the work he planned – removing the walls of the garage and essentially building a new garage. Kuchan claims that to perform that work, Bondy would have had to obtain the same new permit that Bondy claims caused him to incur the additional

expenses. However, Schuba testified that the 2013 permit did provide for rebuilding the garage walls. The trial court found that this testimony was credible in unchallenged finding of fact 28.

In addition, although Lierly first stated that the 2013 building permit would not allow reconstruction of the garage, he later admitted that he could not determine what the 2013 building permit allowed without reviewing the plans. The trial court accepted the later testimony in unchallenged finding of fact 30.

Significantly, no witness testified definitively that Bondy would have needed to obtain a new permit and incur the additional expenses Bondy claimed if Kuchan had not removed the stem wall and the slab. Kuchan attempts to infer this fact from the evidence, but our substantial evidence review views the evidence and reasonable inferences in the light most favorable to Bondy. *Real Carriage Door*, 17 Wn. App. 2d at 457.

Third, Kuchan argues that all of Bondy's claimed expenses related to having to comply with new code requirements. This argument assumes that Bondy would have had to replace the foundation even if it had not been removed, apparently based on Kuchan's testimony that the foundation was defective.

However, Bondy testified that the foundation was intact without any cracks or defects. And Schuba confirmed that the foundation was adequate and that the 2013 permit allowed use of the existing foundation. The trial court resolved this factual dispute in Bondy's favor, issuing several unchallenged findings of fact on this issue.

Kuchan also argues that the requirement that Bondy obtain a new building permit and comply with the current building code was a superseding cause of Bondy's damages. However, as discussed above, substantial evidence supports the conclusion that Bondy would not have

been required to obtain a new permit and comply with the current building code if Kuchan had not removed the foundation. Therefore, we reject this argument.

We hold that substantial evidence supports the trial court's finding of fact that Kuchan's breach of contract caused $20,609.72 in damages, and that finding supports the court's conclusion of law that Bondy is entitled to judgment against Kuchan in that amount.

B.    ATTORNEY FEES IN TRIAL COURT

Kuchan argues that because he should have been the prevailing party at trial, he is entitled to trial court attorney fees. But as discussed above, the trial court did not err in ruling against Kuchan at trial. Therefore, we reject this argument.

C.    ATTORNEY FEES ON APPEAL

Bondy argues that he is entitled to attorney fees on appeal under MAR 7.3. Bondy is correct.

MAR 7.3 provides that the trial court shall award attorney fees against a party that appeals an arbitration award and fails to improve his or her position. This rule applies on appeal if the appealing party does not prevail. *Bearden v. McGill*, 190 Wn.2d 444, 448, 415 P.3d 100 (2018).

Here, it is undisputed that Kuchan appealed an arbitration award in favor of Bondy and did not improve his position at trial. And Kuchan did not prevail in this appeal. Therefore, Bondy is entitled to attorney fees on appeal under MAR 7.3.

CONCLUSION

We affirm the trial court's judgment in favor of Bondy.

No. 54616-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

LEE, C.J.

GLASGOW, J.

11